# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

**RAFFEL SYSTEMS, LLC,**

    Plaintiff,

    v.

**HOME MERIDIAN INTERNATIONAL, INC., PRIME RESOURCES INTERNATIONAL, INC., COSTCO WHOLESALE CORPORATION, VALUE CITY FURNITURE, INC., AND AMAZON.COM, INC.**

    Defendants.

Case No.

JURY TRIAL DEMANDED

---

## COMPLAINT FOR PATENT INFRINGEMENT

---

Plaintiff Raffel Systems, LLC ("Raffel" or "Plaintiff"), by its undersigned counsel, and for its Complaint against Defendants Home Meridian International, Inc., Prime Resources International, Inc., Costco Wholesale Corporation, Value City Furniture, Inc., and Amazon.com, Inc. (collectively, "Defendants"), states and alleges as follows:

### PARTIES

1. Raffel is incorporated under the laws of the state of Wisconsin and has its principal address at N112 W14600 Mequon Road, Germantown, WI 53022.

2. Upon information and belief, Home Meridian International ("Home Meridian") is a North Carolina corporation with its principal place of business at 3980 Premier Drive, Suite 310, High Point, NC, 27265.

1

3. Upon information and belief, Prime Resources International ("Prime Resources") is a Delaware corporation with its principal place of business at 3980 Premier Drive, Suite 310, High Point, NC, 27265.

4. Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, WA 98027.

5. Value City Furniture ("Value City") is an Ohio Corporation with its principal place of business at 4300 E 5th Ave, Columbus, OH 43219.

6. Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

8. This Court has personal jurisdiction over the Defendants by virtue of the fact that Defendants regularly conduct business and have continuous and systematic contacts within this judicial district.

9. Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b) because, upon information and belief, the accused acts of infringement occur in this District, Defendants have regularly conducted business in this Judicial District and have committed, and continue to commit, acts of patent infringement by making, using, selling, or offering to sell and/or inducing the use and/or sale of cup holder products that infringe United States Patent No. 8,714,505 ("the '505 patent") in this judicial District.

2

## BACKGROUND FACTS

10. Raffel is a manufacturing company with a range of products in the seating, bedding, and industrial marketplaces.

11. Raffel competes in various seating, bedding, and industrial markets, such as, for example, in the market for cup holders including, but not limited to, Raffel's multifunctional Home Theatre and Integrated Cupholder products.

12. Raffel is the owner by assignment of all right, title, and interest in and to the '505 patent entitled "Lighted Cup Holder for Seating Arrangements," which duly and legally issued in the names of Paul Stangl and Ken Seidl on May 6, 2014. A true and accurate copy of the '505 patent is attached to the Complaint as Exhibit A.

13. Defendant Home Meridian is a producer and supplier in the home furnishings industry and sells and distributes a variety of home furnishing goods including multifunctional cup holder products.

14. Defendant Prime Resources is a producer and supplier in the home furnishings industry and sells and distributes a variety of home furnishing goods including multifunctional cup holder products.

15. Defendant Costco is a members-only warehouse and online retailer selling a wide variety of items including home furnishing goods including and multifunctional cup holder products.

16. Defendant Value City is a national chain of more than 125 stores in 18 states and an online retailer in the home furnishings industry and sells and distributes a variety of home furnishing goods including multifunctional cup holder products.

3

17. Upon information and belief, Home Meridian has sold or offered to sell home furnishing goods containing multifunctional cup holder products sourced from eMoMo Technology Co, Ltd. ("eMOMO") including, but not limited to, cup holder products bearing eMOMO model number HX43 ("eMOMO HX43 Cup Holder Products") in Wisconsin and in the Eastern District of Wisconsin.

18. Upon information and belief, Prime Meridian has sold or offered to sell home furnishing goods containing multifunctional cup holder products sourced from eMOMO including, but not limited to, eMOMO HX43 Cup Holder Products in Wisconsin and in the Eastern District of Wisconsin.

19. Upon information and belief, Costco has sold or offered to sell home furnishing goods containing multifunctional cup holder products including, but not limited to, eMOMO HX43 Cup Holder Products in Wisconsin and in the Eastern District of Wisconsin.

20. Upon information and belief, Value City has sold or offered to sell home furnishing goods containing multifunctional cup holder products including, but not limited to, eMOMO HX43 Cup Holder Products in Wisconsin and in the Eastern District of Wisconsin.

21. Upon information and belief, Amazon has sold or offered to sell furniture containing multifunctional cup holder products including, but not limited to, eMOMO HX43 Cup Holder Products in Wisconsin and in the Eastern District of Wisconsin.

22. Home Meridian has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '505 Patent by importing, selling, and/or offering to sell the Ariel Power Recliner, the McKay 3-Piece Power Recliner, the Apollo

4

Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room, each of which contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2 and 3 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement. The eMOMO HX43 Cup Holder Products of the Ariel Power Recliner, the McKay 3-Piece Power Recliner, the Apollo Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room contain each of the limitations contained claims 1, 2 and 3 of the '505 Patent.

23. Prime Resources has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '505 Patent by importing, selling, and/or offering to sell the Ariel Power Recliner, the McKay 3-Piece Power Recliner, the Apollo Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room, each of which contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2 and 3 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement. The eMOMO HX43 Cup Holder Products of the Ariel Power Recliner, the McKay 3-Piece Power Recliner, the Apollo Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room contain each of the limitations contained claims 1, 2 and 3 of the '505 Patent.

24. Costco has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '505 Patent by importing, selling, and/or offering to sell the McKay 3-Piece Power Recliner that contains one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2 and 3 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement. The eMOMO HX43 Cup Holder Products of the McKay 3-Piece Power Recliner contain each of the limitations contained claims 1, 2 and 3 of the '505 Patent.

25. Value City has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '505 Patent by importing, selling, and/or offering to sell the Apollo Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room, each of which contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2 and 3 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement. The eMOMO HX43 Cup Holder Products of the Apollo Home Theater Recliner, the Polaris Power Reclining Sofa, the Polaris Power Recliner, the Polaris Power Reclining Home Theater Sectional, the Polaris Gliding Reclining Loveseat and the Polaris Power Reclining Living Room contain each of the limitations contained claims 1, 2 and 3 of the '505 Patent.

26. Amazon has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe the '505 Patent by importing, selling, and/or offering to sell the Ariel Power Recliner which contains one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2 and 3 of the '505 Patent within the United States,

and/or by contributing to or inducing such infringement. The eMOMO HX43 Cup Holder Products of the Ariel Power Recliner contains each of the limitations contained claims 1, 2 and 3 of the '505 Patent.

27. On information and belief, Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon have infringed and continue to infringe one or more claims of the '505 patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

28. On information and belief, Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon, acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '505 patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '505 patent)**

29. Raffel restates and realleges Paragraphs 1 through 28 above as though set forth fully herein.

30. Defendants have been, and currently are, directly and/or indirectly infringing the '505 patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products infringing on the '505 patent within the United States.

31. Defendants' infringement of the '505 patent has been and continues to be willful and deliberate.

32. Defendants' infringement will continue unless enjoined by this Court.

7

33. As a direct and proximate consequence of Defendants' infringement of the '505 patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

34. As a direct and proximate consequence of Defendants' infringement of the '505 patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Raffel seeks the following relief from this Court:

A. A judgment that Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon have directly infringed and are directly infringing the '505 patent;

B. A judgment that Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon have induced and are inducing infringement of the '505 patent;

C. A judgment that Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon have contributed and are contributing to infringement of the '505 patent;

D. A judgment that Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon infringement of the '505 patent has been willful;

E. An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon and their officers, agents, attorneys and employees, and those acting in privity or

concert with them, from infringement of the '505 Patent for the full term thereof and from inducing or contributing to infringement of the '505 Patent;

F. An award of damages to Raffel including pre-judgment and post-judgment interest, in an amount adequate to compensate for Defendants Home Meridian, Prime Resources, Costco, Value City, and Amazon infringement of the '505 Patent, but in no event less than a reasonable royalty on Defendants' use of Raffel's inventions, and that the damages be trebled pursuant to 35 U.S.C. § 284;

G. An award of costs and expenses in this action;

H. A declaration that this is an exceptional case and an award of attorney's fees, disbursements, and costs of this action pursuant to 35 U.S.C. § 285; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Raffel demands a trial by jury on all issues properly tried to a jury.

DATED: January 8, 2015

       Respectfully submitted,

       CASIMIR JONES, S.C.

       s/Tyler J. Sisk
       Tyler J. Sisk, SBN 1054892
       David A. Casimir, SBN 1036453
       2275 Deming Way, Suite 310
       Middleton, Wisconsin 53562
       Telephone: 608.662.1277
       Facsimile: 608.662.1276
       E-Mail: tjsisk@casimirjones.com
          dacasimir@casimirjones.com
       Attorneys for Plaintiff Raffel Systems, LLC